■ CALLAHAN, Circuit Judge,
concurring:
I agree with the majority that the judgment of the district court against the individual defendants should be affirmed and the judgment against the County reversed. I write separately to explain that I do not think that Castro has shown that the design of the West Hollywood Station constitutes a policy for purposes of liability under Monell v. Department of Social Services of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).
I do not deny that pursuant to Pembaur v. City of Cincinnati, 475 U.S. 469, 483, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986), the *677 design of a jail in some circumstances, might be held to constitute a deliberate choice or policy. However, I disagree with the suggestion that the fact that the jail was constructed is sufficient in itself to “meet the definition of a formal municipal policy.” Maj. at 671. Rather, I agree with the Sixth Circuit’s approach in Molton v. City of Cleveland, 889 F.2d 240, 246 (6th Cir.1988), that “Pembaur [ ] require[s] proof of a deliberate and discernible city policy to maintain ... inadequately designed and equipped jails; not mere speculation that such matters are ‘inherently matters of city policy.’ ”
Here, the record contains no evidence to suggest that the design and construction of the West Hollywood Station implicated a relevant policy choice. The record indicates that the West Hollywood Station is many decades old. Municipal facilities are built to suit the needs of their times, according to the then existing applicable' statutes and regulations. Other than their mere existence, there is no evidence in this record to indicate that the relevant design features of the West Hollywood Station were policy choices of the County. Although both the County and Castro presented evidence of measures that could be taken to increase supervision in the sobering cell, no evidence was presented that the County specifically considered these measures or made a deliberate choice to reject them at the time of the facilities’ construction, or even at any time thereafter. Nor was any evidence presented, such as past instances of injury or modifications made since the Station’s construction, that might support an inference that the County considered but rejected such design features.
Accordingly, I would hold that Castro has failed to show that the design of the West Hollywood Station constituted a formal policy under Monell, 436 U.S. 658, 98 S.Ct. 2018. Nonetheless, I concur in the opinion as I agree that even if there was a formal policy, Castro has failed to show the requisite deliberate indifference for Monell liability.[1] See Maj. at 672-75.

. I agree with Judge Gilman that Kingsley v. Hendrickson, - U.S. -, 135 S.Ct. 2466, 192 L.Ed.2d 416 (2015), does not clearly establish a new or different test for a failure-to-protect claim. See Maj. Op. 664-66. Moreover, even assuming the application of an "objective” intent test, the County’s adoption of certain chapters of the California Building Code, including criteria for "sobering cells”— some decades after the construction of the West Hollywood Station — would not, by itself, meet that objective intent test.